WILLIAM WHITRIDGE ET AL. vs. MICAJAH W. POPE ET AL.

*Appeal in Mandamus Cases—Exceptions Taken by the Appellee to Be Contained in the Record.*

When the trial Court refuses to grant a writ of mandamus the respondent has no right to appeal from that order, as he was not aggrieved by it.

But since on appeal in a mandamus proceeding the appellate Court determines, after an inspection of the whole record, whether the writ was properly granted or refused, and is not limited to determining whether any particular action of the trial Court was right or wrong, the respondent, although the writ is refused, has the right to have the exceptions reserved by him during the progress of the trial certified to this Court upon the appeal by the petitioner, and these exceptions should be contained in the same record.

*Decided May 20th, 1909.*

Appeal from the Court of Common Pleas of Baltimore City (DOBLER, J.).

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, SCHMUCKER, BURKE, WORTHINGTON and HENRY, JJ.

*John Prentiss Poe* and *Armstrong Thomas,* for the appellants.

*Isaac Lobe Straus* and *Wm. L. Rawls,* for the appellees.

WORTHINGTON, J.; delivered the opinion of the Court.

This purports to be a cross-appeal on behalf of the defendants in the case of *Pope* v. *Whitridge, ante,* page 468, which was argued here at the January Term, 1909.

As will be seen by reference to the opinion filed in that case, this Court did not confine itself to a review merely of the rulings of the lower Court which were against the appellants in that appeal, but considered also those which were against the appellees, so far as such rulings were distinctly presented to the Court for its consideration and review.

The authority for so doing, we think is not only well established, but founded upon reason.

In that part of the excellent work of Mr. John Prentiss Poe, on "Pleading and Practice in Courts of Common Law" devoted to the subject of madamus, it is said: "The right of appeal is especially granted by the Code in all cases of mandamus where the issues of fact have been determined by the Court below, and the Court of Appeals is not restricted to a review of the rulings of the Court below, but determines upon the whole record whether the order appealed from is correct or not." 2 *Poe's Practice,* sec. 713.

And in *Manger's Case,* 90 Md. 659, this Court said: "But in an appeal from an order granting a mandamus, when the issues of fact have been determined by the Court below without the aid of a jury, we are not, as in ordinary appeals from a Court of law confined to a review of the rulings on questions of law presented by exceptions.

In such instances the appellate Court must inquire whether the writ was properly granted or properly refused after an inspection of the whole record, and is not restricted to an instruction or limited to determining whether that instruction was right or wrong; particularly as no instruction is needed as a basis to bring up for revision the final order when the case is heard below without the intervention of a jury."

If this Court must in such cases review the whole record, there is no occasion for an appeal on the part of the appellee. All that is required is that the ruling, to which objection is

made, should be clearly made to appear in the record together with the ground of such objection, so that the points or questions in controversy may be distinctly presented to this Court for review.

While we look to the whole record in order to determine whether the writ was properly granted or properly refused, yet it is necessary that the points or questions in controversy be clearly presented for our consideration, as it cannot be expected of this Court to go through the record unaided and to discover from their own examination what those points or questions are.

As we shall presently see the defendants, having obtained by the final order of the trial Court all that they claimed, had no right of appeal, but they had the right of course to reserve exceptions during the progress of the trial and to have those exceptions certified by the trial judge to this Court. It seems that such exceptions were reserved and if the defendants desired to have those exceptions before us they should have been included in the record of the former appeal. If for any good reason these exceptions were not ready when the record in that appeal was made up, whereby such exceptions were omitted therefrom, a writ of diminution, seasonably applied for, would have enabled the appellees in that appeal to remedy the defect.

As we have said, we did consider all the rulings of the lower Court distinctly presented to us for our consideration, whether embraced in any exception or not, but the method of bringing up the rulings by formal exceptions is one to be commended, as thereby every point or question in controversy is officially certified to this Court and clearly defined. But all the exceptions on both sides should have been embraced in one record. Such is the rule, even where cross-appeals are allowed.

Rule 17 of this Court provides: "In all cases of cross-appeals or of more than one appeal being entered in the same case from any judgment, decree or order, there shall be but one transcript of the record transmitted to the Court of Ap-

peals, and that shall be used upon the hearing of all such appeals." *Code* (1904), Art. 5, sec. 42.

This rule contemplates that there should be but one transcript of the record and one hearing. In his treatise on *Pleading and Practice, Mr. Poe* says: "Where cross-appeals are prayed, the Clerk makes out but one record; and the costs are awarded to the respective parties, or apportioned as the Court of Appeals may deem just." 2 *Poe, Pl. and Pr.*, sec. 833.

If there could be two transcripts of the record and two hearings at two different terms of this Court we might, on the first appeal reverse the order of the lower Court and then at a subsequent term reverse that reversal without there being any inconsistency in the principles of law announced in the two opinions.

To obviate any such result, the above-mentioned rule was no doubt adopted.

Aside from all this, it is well settled that a party who is not injured by the final judgment of the trial Court has no right of appeal. 2 *Poe's Practice,* sec. 825.

One requisite of a valid appeal is that the appellant should have been aggrieved by the judgment, order or decree complained of. 2 *Cyc.* 631; *Baylies on New Trials and Appeals* (2nd Ed.), p. 134.

In this case the order of the trial Court dismissing the plaintiffs' petition with costs was passed at the defendants' request, and gave them all they claimed. They could therefore have no standing in this Court on an appeal from such an order.

For these very obvious reasons we think the appeal should be dismissed.

We have, however, examined the record and briefs filed in this appeal, and find that very many of the questions thereby presented have been passed upon and determined by the opinion of this Court in the appeal brought here by the petitioners, and as to other points or questions not directly decided

on the other appeal we find no sufficient error to change the result therein declared.

This appeal must, for the reasons above stated, be dismissed.

*Appeal dismissed with costs.*